UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC GLENN FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1234-JDT-cgc |
| | ) | |
| NATHAN PRIDE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On October 4, 2019, Plaintiff Eric Glenn Franklin, who is incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* civil complaint against Nathan Pride, an attorney. (ECF No. 1.) The complaint was accompanied by a motion to proceed *in forma pauperis*. (ECF No. 2.) The Court issued an order on October 7, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.)

Franklin alleges in the complaint that Defendant Pride was hired to represent him in a civil matter involving real property Franklin inherited from his mother. (ECF No. 1 at PageID 2.) He alleges that during the course of the representation, Pride "took it upon himself to forge another Deed without doing his research and realizing that the property

was still in the original owners [sic] name." (*Id.*)  When confronted, Pride allegedly said there was nothing he could do, which resulted in Franklin and his daughter losing their home. (*Id.*)  He seeks compensatory damages. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

This Court lacks subject-matter jurisdiction over Franklin's claims. The United States Supreme Court has stated:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.") A federal court may address its subject-matter jurisdiction *sua sponte*. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. 694. 702 (1982) ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"). Furthermore, under Rule 12(h)(3) of the Federal

Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Franklin's complaint does not state any basis for federal subject-matter jurisdiction in this case. Though he filed the complaint on the form used for commencing actions under 42 U.S.C. § 1983, there is no allegation that the action arises "under the Constitution, laws, or treaties of the United States," as required for federal question jurisdiction under 28 U.S.C. § 1331. Franklin does not allege that Pride violated his civil rights or that he acted under color of state law. He contends only that Pride mishandled the legal matter for which he was hired, causing Franklin and his daughter to lose their home. This is a claim of legal malpractice arising under Tennessee law.

The complaint also does not allege that Franklin and Pride are citizens of different states, as required for diversity jurisdiction under 28 U.S.C. § 1332(a). Therefore, the Court has no jurisdiction to hear Franklin's Tennessee malpractice claim.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Pursuant to 28 U.S.C. §1915(a)(3) and Federal Rule of Appellate Procedure 24(a), it is CERTIFIED that any appeal in this matter by Franklin would not be taken in good faith.

The Court also must address the assessment of the $505 appellate filing fee if Franklin nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. §§ 1915(a)-(b). Therefore, Franklin is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE